UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | 4:06-CR-00023-2 |
| | ) | |
| VS. | ) | MATTICE/CARTER |
| | ) | |
| RICHARD MUNOZ | ) | |

**SUPPLEMENTAL POINTS AND AUTHORITIES
IN SUPPORT OF MOTION FOR NEW TRIAL**

Now comes the defendant, Richard Munoz, by and through his counsel of record, Martha M. Hall, and files the instant supplemental points and authorities in support of the previously filed motion for new trial, pursuant to Fed.R.Crim.P. 33.

**I.**

**ADDITIONAL CASELAW RELEVANT TO MOTION FOR NEW TRIAL**

In his motion for new trial, Richard Munoz points out that his trial counsel was ineffective in refusing to file a meritorious motion to change venue pursuant to Fed.R.Crim.P. 21(b). Such a motion (and change of venue) was critical to Mr. Munoz's defense for two reasons: 1) all defense witnesses resided in El Centro, California and 2) the jury pool in the Southern District of California contained a fair representation of Hispanics compared to the Eastern District of Tennessee's jury pool which contained almost no Hispanic representation. Mr. Munoz presented evidence from the United States Census bureau showing the stark difference between the jury pools in the Southern District of California as compared to the Eastern District of Tennessee: In El Centro California, Hispanics make up 74.6% of the population. (App. 34). In California generally, Hispanics make up 39.5% of the population.

1

(App. 34). In Tennessee, only 3% of the population is Hispanic – less than the national average of 14.4%. (App. 37). In Chattanooga, Tennessee the percentage of the population which is Hispanic is even lower – 2.1%. (App. 31) The percentages of Hispanic peoples in Bradley and Hamilton Counties is 3.0% and 2.4% respectively. (App. 26, 28). In the jury venire for Mr. Munoz's trial there were no people of Hispanic origin.

While case law from the Ninth Circuit is certainly not binding on this Court, counsel has come across cases from the Ninth Circuit discussing the impact of venue on a defendant's Fifth and Sixth Amendment rights (as well as rights under the Jury Selection and Service Act of 1968, 28 U.S.C. § 1861) to a jury composed of a fair cross-section and a jury containing members of a particular minority represented in the defendant's domicile.

In a recent case, the Ninth Circuit noted the Sixth Amendment implications to transferring cases within a district where the minority population differs greatly from division to division. See, United States v. Mitchell, 502 F.3d 931, 949-950 (2007). The Mitchell case referred to an earlier case, United States v. Etsitty, 140 F.3d 1274, (9th Cir. 1997), where the Ninth Circuit noted that the transfer of a trial to a different division within a district could unconstitutionally impact the defendant's rights under the Fifth and Sixth Amendments and the Jury Selection Act. While the Etsitty Court ultimately held that the defendant had not presented sufficient evidence of the district procedure or practice of uniformly transferring all trials to one division, it noted that it was "deeply concerned" about the issue and the procedures employed in the District of Arizona which allegedly transferred trials from a division with a large population of Native Americans to a different division with a relatively small population of Native Americans. Defendant Etsitty argued that the transfer of his case from the Prescott Division to

the Phoenix Division resulted in a systematic exclusion of Indians because the Prescott Division contained a far higher concentration of Indians, combined with a jury selection plan that had separate jury wheels for each division and the propensity fo the presiding judge to move virtually all his Prescott cases to Phoenix.  The Ninth Circuit noted that "[i]f , however, trials were systematically removed from the Prescott Division to the Phoenix Division, we would be confronted with a strong case for finding an exclusion of Indians in violation of *Duren*."

The significance of these cases to the instant case is the recognition that venue impacts a defendant's rights under The Fifth And Sixth Amendment and  Duren v. Missouri, 439 U.S. 357, 58 L.Ed. 579, 99 S.Ct. 664 (1979).  The Ninth Circuit recognized, as Mr. Munoz conceded at his hearing, that there was nothing independently flawed about the jury selection in the various divisions in Arizona.  It was the combination of the transfer of the cases along  with the different jury pools that created an impact and possible violation of the defendant's rights under the Fifth and Sixth Amendments.  Here, it was the combination of the extremely different jury pools in Southern California and Eastern Tennessee along with the failure of the trial counsel to file a motion requested by the defendant that resulted in a trial by a jury that lacked representation from his minority group – Hispanics.

# V.

## **CONCLUSION**

Mr. Munoz offers this additional support for his motion for new trial and urges the court to grant his motion and order a new trial along with a anew motion hearing date.

Respectfully submitted,

S/ Martha M. Hall

Dated: March 31, 2008
**MARTHA M. HALL**
CA. Bar No. 138012
DiIORIO & HALL, APC
964 Fifth Avenue, Suite 214
San Diego, California 92101
(619) 544-1451
Attorneys for Defendant **Munoz**

4

## CERTIFICATE OF SERVICE

      I hereby certify that on March 31, 2008, a copy of the foregoing Motions for New Trial was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties imdicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

      /s/ Martha M. Hall
Martha M. Hall
DiIorio & Hall, APC
California Bar No. 138012
964 Fifth Avenue, Suite 214
San Diego, California 92101
Telephone: (619) 544-1451
Facsimile: (619) 544-1473
Email: Martha_DiIoriohall@yahoo.com
Attorney for Defendant **Munoz**